```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

          -against-                    MEMORANDUM AND ORDER
                                       10-CR-674(S-2)(DRH)
TIMOTHY FAISON, a/k/a
"SHABAZ,"

              Defendant.
-------------------------------X
A P P E A R A N C E S:

For the Government:
     Loretta Lynch
     United States Attorney
     Eastern District of New York
     Central Islip, New York 11722
        By: Raymond A. Tierney, A.U.S.A.
            Tali Farhadian, A.U.S.A.

For Defendant:
     Timothy Faison, Pro Se
     #76325-053
     Queens Detention Facility
     182-22 150th Avenue
     Jamaica, New York 11413

     Leonard Lato, Esq.
     Stand-by Counsel
     320 Carlton Avenue
     Suite 4200
     Central Islip, New York 11722
```

HURLEY, Senior District Judge

On September 21, 2011, a jury convicted defendant of possession of cocaine base with intent to distribute (Count One) and with distributing cocaine base (Counts Two, Three and Four), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C). The defendant proceeded pro se with former Assistant United States Attorney, now defense attorney Leonard Lato, Esq. serving as stand-by counsel.

By two documents entitled "affirmation in opposition to verdict," both received in the Clerk's Office on November 7, 2011, defendant has moved to arrest judgment pursuant to Fed. R. Crim. P. 34(a)(2), or for a judgment of acquittal pursuant to Rule 29, as well as, in the alternative, for a new trial under Rule 33.

### Defendant's Jurisdictional Arguments

Firstly, I will address defendant's jurisdictional arguments. He maintains that:

> As to Counts 1, 3 and 4 of the indictment, this Court does'nt have lawful jurisdiction of these charges in which I was already being prosecuted on in state court. On 6/19/10 defendant was arraigned on these charges in Nassau County 1st District Court. On 9/24/10 these charges was presented to state grand jury in which they voted a no true bill . . . . On 10/29/10 the state judge ordered the charges dismissed in favor of the accused.[1] On 8/5/10 the federal government charge[d] me with the same offense that I was already being prosecuted on in state court, which is count 1 of the indictment. Then in June of 2011 the government added the remaining two state charges to their indictment, which is count 3 & 4.

Def.'s "Argument 1" contained in his "Affirmation in Opposition

---

[1] The government questions defendant's representation that the grand jury declined to return an indictment. Instead, it is the government's understanding that the "state court case was never presented to the grand jury" and that the district attorney's office "moved to dismiss the state court charges in December 2010 as covered by the instant federal indictment." Gov't's Dec. 5, 2011 Letter in Opp'n at 2, n.1.

to Verdict" dated "11/1/11" at 1.

The federal prosecution, defendant posits, "violates [his] 4th, 10th & 14th Amendment rights as well as the doctrine of collateral estoppel." Id. A similar argument was previously and unsuccessfully advanced by defendant under the rubric of a double jeopardy claim. See Mar. 25, 2011 Transcript (bench decision rejecting defendant's arguments based on purported double jeopardy violations and abuses of the doctrine of dual sovereignty). To the extent defendant has reconfigured that argument in the guise of a claim of collateral estoppel, it still lacks merit. As noted by the government, "the doctrine of collateral estoppel bars relitigation of an issue of fact determined by a final judgment only in a subsequent lawsuit 'between the same parties.'" Gov't's Dec. 5, 2011 Letter in Opp'n at 3 (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). The State of New York and the United States are not the same parties. Instead, each entity is a separate sovereign entitled to enforce its own laws. And "[w]hen a single act violates the laws of two sovereigns, the wrongdoer has committed two distinct offenses." United States v. Davis, 906 F.2d 829, 832 (2d Cir. 1990). Accordingly, the state proceedings referenced by defendant (even if, contrary to the fact, he was placed in jeopardy as a result thereof),[2] did not bar the federal charges

---

[2] See Transcript of Mar. 25, 2011 bench decision.

of which defendant stands convicted under the doctrine of double jeopardy, collateral estoppel, or otherwise.

Defendant's other jurisdictional argument is similarly unpersuasive. The crux of that claim is that this Court lacks jurisdiction because the United States Attorney for the Eastern District of New York did not receive specific authorization from the United States Attorney General to prosecute defendant. That, defendant argues, runs afoul of the supposed mandate set forth in 28 U.S.C. § 515(a), which provides:

> The Attorney General or any other officer of
> the Department of Justice, or any attorney
> specially appointed by the Attorney General
> under law, may, when specifically directed by
> the Attorney General, conduct any kind of
> legal proceeding, civil or criminal,
> including grand jury proceedings and
> proceedings before committing magistrate
> judges, which United States attorneys are
> authorized by law to conduct, whether or not
> he is a resident of the district in which the
> proceeding is brought.

28 U.S.C. § 515(a).

This argument was earlier broached by the defendant on the eve of trial. At that time, I denied the application and characterized what I understood to be the thrust of his argument thusly:

> We are not going to delay the trial.
>
> But I'm making this determination without
> precluding you from bringing an application
> that indicates that any time the United
> States Attorney[']s Office in any one of the
> 94 districts throughout this country intends

>       to file a criminal charge, misdemeanor,
>       felony, against an accused, that there must
>       be explicit permission provided by the
>       attorney general.

Sept. 8, 2011 Transcript at 77.

The government has not specifically addressed this argument by defendant in their opposition to the present motion. However, when the issue was first raised, the government responded:

>       [AUSA] Tierney: Your Honor, absent certain
>       exceptions such as seeking the death penalty,
>       or seeking to do an eavesdropping warrant,
>       I'm aware of no requirement with regard to a
>       case like this where the individual US
>       Attorney's Office has to seek the permission
>       of the Department of Justice or the attorney
>       general prior to charging an individual with
>       a crime.
>                       . . . .
>
>       [AUSA] Farhardian: This rule pertains to
>       the nonordinary case.
>
>   This is the ordinary case.  I think the rule
>   has two provisions.  One says that the
>   attorney general may appoint, say, attorneys
>   from one district to go prosecute a case in
>   another district, and the second part also
>   talks about a different way that attorneys
>   may be specially retained under the authority
>   of the Department of Justice, which is to
>   say, commissioned by them to be assistants to
>   the attorney general.
>
>       And I think that pertains to say, forgive
>   me, just the example that comes to mind like
>   when the Department of Justice brought David
>   Boies in to prosecute a case for them.
>   Neither of these situations applies here.
>
>       This is irrelevant.

Id., 75-76.

Although Section 515(a) may not be a model of clarity, the interpretation urged by defendant is not only out of sync with established practice as explained by A.U.S.A. Tierney but, more importantly for present purposes, cannot be harmonized with the statutory language. A fair reading of Section 515(a) indicates that any of the individuals listed in the statute, such as an "attorney specifically appointed by the Attorney General," may conduct "any type of legal proceeding . . . which the United States attorney [for the particular district involved is] authorized by law to conduct," even if such individual is not a resident of that district, provided the Attorney General specifically directs him or her to do so. Clearly the Section is not meant to circumscribe the powers which the United States attorneys throughout the country possess pursuant to law. Simply put, the United States Attorney for the Eastern District of New York was not required to obtain specific authorization from the Attorney General before prosecuting the defendant.

### Motion for Judgment of Acquittal

In challenging the sufficiency of the government's evidence pursuant to Rule 29, defendant "bears a very heavy burden." United States v. Gonzelez, 110 F.3d 936, 940 (2d Cir. 1997)(internal quotation marks omitted). The Court must view all the evidence in favor of the government and must draw all

reasonable inferences in the government's favor as well. <u>United States v. Johns</u>, 324 F.3d 94, 97 (2d Cir. 2003). Indeed, the verdict must stand if any rational trier of fact "could have found the essential elements of the crime[s] charged beyond a reasonable doubt." <u>See</u> <u>Gonzelez</u>, 119 F.3d at 940.

Measured against the above standard, defendant's Rule 29 motion must be denied. As noted by the government, "[r]egarding the distribution counts [i.e., Counts Two, Three and Four] the government presented, inter alia, both cooperating witnesses who negotiated with and later purchased the narcotics from defendant, as well as video and audiotapes of the transactions themselves." Gov't's Dec. 5, 2011 Letter in Opp'n at 4. Similarly, the government's proof as to Count One, viewed through the appropriate Rule 29 prism, bordered on being overwhelming.

There was more than enough evidence presented to permit the jury, as a rational trier-of-fact, to reasonably conclude that the government established each and every element of the four counts in the indictment beyond reasonable doubt. As a result, defendant's Rule 29 motion is denied.

<u>Defendant's Motion for New Trial</u>

With respect to Defendant's motion for a new trial, Fed. R. Crim. P. 33 provides in pertinent part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a

new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "The test is whether it would be a manifest injustice to let the guilty verdict stand."  United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)(internal quotation marks omitted). To warrant a new trial, the Court must find that there is "a real concern that an innocent person may have been convicted."  Id.  A juxtapositioning of the defendant's multi-pronged application for a new trial against the above standard indicates that defendant's application falls far short of the mark.

A number of the arguments advanced by the defendant in support of the requested relief pertain to various evidentiary rulings which defendant asserts were erroneous.  My rationale for the targeted rulings were placed on the record during the trial and, thus, will not be reiterated here.[3]  Suffice it to say for present purposes that I believed then, as I do now, that those determinations were correct.

In addition to the portion of defendant's Rule 33 motion based on evidentiary rulings, he proffers that such relief

---

[3] Defendant's motion references evidentiary rulings to which he made objection during the trial, as well as evidentiary rulings to which he did not object during the trial.  To the extent defendant failed to raise evidentiary objections during trial, the Court finds that he forfeited his right to raise these objections in his present motion.  See United States v. Yu-Leung, 51 F.3d 1116, 1120-22 (2d Cir. 1995); United States v. Londono, 2001 WL 1190997, at *3 (S.D.N.Y. Oct. 5, 2001).  The Court further finds that defendant has failed to make any showing of "plain error."  See Londono, 2001 WL 1190997 at *3; Fed. R. Crim. P. 52(b).

should be provided for a number of other reasons including what he perceives to be perjured testimony given by several government witnesses. Defendant seemingly conflates inconsistencies in testimony – of which there were surely some — with deliberate falsehoods. In any event, (1) his application for a new trial based on perjury fails to satisfy the requisite elements articulated in <u>United States v. Zichettello</u>, 208 F.3d 72 (2d Cir. 2000), <u>cert. denied</u>, 531 U.S. 1143 (2001) and, (2) the inconsistencies in proof were ably pointed out to the jury by the defendant and presumably were considered by them in reaching their verdict.

With respect to defendant's objections regarding former members of the Nassau County Laboratory being permitting to testify, is important to note that those witnesses were called solely with respect to the chain of custody vis-a-vis the controlled substances involved in Counts One through Four, as distinct from providing expert opinions as to the drug type and amounts of controlled substances that were recovered as a result of the defendant's activities. That latter function was performed by Senior DEA Forensic Chemist Cindy Vitale who explained her findings to the jury.

I have considered all of the defendant's arguments advanced in support of his motion for a new trial, including those specifically mentioned above. Having done so, I find that

the defendant has failed to establish that it would be a miscarriage of justice if his convictions were not set aside. Accordingly, his Rule 33 motion is denied.

## CONCLUSION

For the reasons indicated, defendant's Rule 34(a)(2) jurisdictional arguments, as well as his arguments for a judgment of acquittal under Rule 29 and, alternatively, for a new trial under Rule 33 are denied.

SO ORDERED.

Dated: April 13, 2012
      Central Islip, New York

                                          _____/s/_____
                                          DENIS R. HURLEY, U.S.D.J.