THE HONQRABLE DENIS R. HURLEY

UNITED STATES DISTRICT JUDGE

EASTERN DISTRICT OF NEW YORK

934 FEDERAL PLAZA

CENTRAL ISLIP, NY 11722

MAY 21, 2012

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JUL 2 ~ 2012 ★

LONG ISLAND OFFICE

RE: <u>UNITED STATES V. TIMOTHY FAISON.</u>

<u>CRIMINAL DOCKET NO. CR-10-674(DRH).</u>

DEAR JUDGE HURLEY:

    THE DEFENDANT PURSUANT TO RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEEDURE LAW SEEKS A NEW TRIAL BASED ON NEW DISCOVERED EVIDENCE OF PERJURY AND FALSE EVIDENCE GIVING BY THE GOVERNMENT'S WITNESS, INCLUDING NEW DISCOVERED EVIDENCE ON THE FINDINGS OF THE NASSAU LAB ALONG WITH BRADY VIOLATION AND PROSECUTORIAL MISCONDUCT AS WELL.

### PERJURY AND FALSE EVIDENCE.

    REVERSAL OF A CONVICTION BASED UPON ALLEGATIONS OF PERJURED TESTIMONY SHOULD BE GRANTED ONLY WITH GREAT CAUTION AND IN THE MOST EXTRAORDINARY CIRCUMSTANCES. US V SANCHEZ, 969 F.2D 1409, 1414 (2D CIR. 1992): SEE ALSO US V MOORE, 54 F.3D 92, 99 (2D CIR. 1995); A WITNESS COMMITS PERJURY IF HE GIVES FALSE TESTIMONY CONCERING A MATERIAL MATTER WITH THE WILLFUL INTENT TO PROVIDE FALSE TESTIMONY AS DISTINGUISHED FROM INCORRECT TESTIMONY RESULTING FROM CONFUSION, MISTAKE, OR FAULTY MEMORY. US V MONTELEONE, 257 F.3D 210, 219 (2D CIR. 2001). IF THE PROSECUTION KNEW OR SHOULD HAVE KNOWN OF THE PERJURY PRIOR TO THE CONCLUSION OF THE TRIAL, THE CONVICTION MUST BE SET ASIDE WHERE THERE IS ANY REASONABLE LIKELIHOOD THAT THE FALSE TESTIMONY COULD HAVE AFFECTED THE JUDGMENT OF THE JURY. ID (INTERNAL QUOTATION MARKS OMITTED) US V STEWART 433 F.3D 273 (2D CIR. 2005)

    THE KNOWING INTRODUCTION OF FALSE TESTIMONY WILL LEAD TO VIRTUALLY AUTOMATIC REVERSAL. ID. THE STANDARD APPLICABLE TO THE KNOWING INTRODUCTION OF FALSE TESTIMONY SERVES THE DUAL PURPOSES OF DISCOURAGING PROSECUTORIAL MISCONDUCT AND PROVIDING RELIEF FROM AN UNFAIR CONVICTION. SEE US V AGURS, 427 U.S. 97, 104, 96 S.CT. 2392, 49 L. ED. 2D. 342 (1976).

REVERSAL IS NOT JUSTIFIED UNLESS THE APPELANT ESTABLISHES FOR MATTERS (i) THE WITNESS ACTUALLY COMMITTED PERJURY, SEE US V. HELMSLEY 985 F.2D 1202, 1205 (2D CIR. 1993); (ii) THE ALLEDGED PERJURY WAS MATERIAL, SEE US V. WALLACH, 935 F.2D 445, 456 (2D CIR. 1991); (iii) THE GOVERMENT KNEW OR SHOULD HAVE KNOWN OF THE ALLEGED PERJURY AT THE TIME OF TRIAL. SEE ID, AND (iv) THE PERJURED TESTIMONY UNDISCLOSED DURING TRIAL, SEE US V. BLAIR, 958 F.2D 26, 29 (2D CIR. 1992).

### (i) THE WITNESS ACTUALLY COMMITTED PERJURY.

THE GOVERMENT INTRODUCED A SURPRISE WITNESS NAMED JAMES DISARNO WHO GAVE TESTIMONY STATING HE IS A SENIOR FORENSIC CHEMIST EMPLOYED FOR THE NORTHEAST LAB AND HE IS THE ANALYST TO DRUG EXHIBIT #3 UNDER CASE # C5-08-0055. THE DEFENDANT IS PROVIDING TO THIS COURT DOCUMENTED EVIDENCE WHICH IS THE MEMORANDUM FROM THE NORTHEAST LAB. THIS EVIDENCE CLEARLY SHOWS THAT SENIOR FORENSIC CHEMIST CINDY VITALE IS THE ANALYST FOR EXHIBIT #3 UNDER THE CASE # C5-O8-0055 NOT JAMES DISARNO. IT IS OBVIOUS THAT NOT ONLY JAMES DISARNO COMMITTED PERJURY ABOUT A DRUG EXHIBIT #3 THAT HE NEVER ANALYZED, BUT MORESO IT WAS NOT THE EXHIBIT UNDER SAID CASE # C5-08-0055 THAT IS ON FILE AT THE NORTHEAST LAB THAT CINDY VITALE ANALYZED. ( SEE EXHIBIT A. NORTHEAST LAB MEMORANDUM ). FURTHERMORE, WHENEVER A CHEMIST FROM THE NORTHEAST LAB IS ASSIGNED A CASE # ALL DRUG EXHIBITS PURSUANT TO THAT CASE IS ANALYZE ONLY BY THAT CHEMIST, WHICH IS WHY THE MEMORANDUM FROM THE NORTHEAST LAB ONLY SHOWS CINDY VITALE AS BEING THE ANALYST TO EVERY DRUG EXHIBIT UNDER CASE # C5-08-0055.

### (ii) THE PERJURY WAS MATERIAL.

THE DEFENDANT ASSERTS THAT THE PERJURED TESTIMONY GIVING BY JAMES DISARNO IS MATERIAL BECAUSE IT IS BASED ON THE ANALYSIS OF A DRUG EXHIBIT. WITHIN COUNT 2 OF THE INDICTMENT THE GOVERMENT HAS THE BURDEN OF PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DISTRIBUTED AND POSESSED COCAINE BASE OF THE AMOUNT ALLEGED IN THE INDICTMENT. THEREFORE, TESTIMONY TO THE ANALYSIS OF A DRUG EXHIBIT IS MATERIAL BECAUSE IT BEARS ON A DEFENDANT'S GUILT OR INNOCENCE.

**(iii) THE GOVERNMENT KNEW OR SHOULD HAVE KNOWN OF THE PERJURY AT THE TIME OF TRIAL.**

THE DEFENDANT ASSERTS THAT THE GOVERNMENT KNRW OR SHOULD HAVE KNOWN OF THE PERJURY AT THE TIME OF TRIAL BECAUSE THE GOVERNMENT WITNESS (AGENT KNOX) MADE THEM AWARE OF THE NOTIFICATION OF DISCLOSURE MATERIAL MEMORANDUM (DFN: 370-08) WHICH SHOWS SENIOR FORENSIC CHEMIST CINDY VITALE BEING THE ANALYSTS FOR EXHIBIT # 3 UNDER CASE # C5-08-0055. ON AUGUST 4, 2011 AT 10:23 AM THE NORTHEAST LAB PROGRAM ASSISTANT (AMIA R. SERRANO) E-MAILED AGENT KNOX AND CINDY VITALE THE SAID MEMORANDUM ALONG WITH STATING : **(AS REQUESTED IN THE NOTIFICATION OF DISCLOSURE LETTER, LAB REPORTS FOR THE SUBJECT CASE ARE ENCLOSED). (SEE ATTACHED E-MAIL, EXHIBIT C ).** ON THE SAMEDAY AT 11:10 AM AGENT KNOX E-MAILS THE SAID INFORMATION PROVIDED TO HIM TO A.U.S.A. LARA GATZ AND MICHAEL CANTY ALSO STATING IN HIS EMAIL **NOT SURE IF YOU REQUESTED THESE- SEE BELOW AND ATTACHED. APPARENTLY THE DEA LAB RECEIVED A " NOTIFICATION OF DISCLOSURE" LETTER (?)**

THEN A MINUTE LATER AT 11:11 AM AGENT KNOX SENDS ANOTHER E-MAIL TO A.U.S.A. LARA GATZ AND MICHAEL CANTY STATING TO THEM: **BE ADVISED, EXHIBITS #1 THRU 8 DO NOT APPLY TO FAISON.** THE GOVERNMENT WAS FULLY AWARE THAT NOT ONLY EXHIBIT # 3 HAS NOTHING TO DO WITH THE DEFENDANT BUT MORESO CINDY VITALE IS THE ANALYSTS TO THAT EXHIBIT NOT A JAMES DISARNO. FURTHERMORE THE GOVERNMENT WAS AWARE OF THE PERJURED TESTIMONY WHICH IS WHY THEY NEVER SPOKE ABOUT JAMES DISARNO IN THEIR RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY DATED: AUGUST 5, 2011 NOR DID THEY PROVIDE THE DEFENDANT WITH ANY INFORMATION OF JAMES DISARNO SUCH AS HIS CURRICULUM VITAE, OR SUMMARY OF TESTIMONY WHICH WAS REQUESTED IN DEFENDANT'S MOTION FOR DISCOVERY ALONG WITH OTHER THINGS.

SINCE AT LEAST 1935, IT HAS BEEN THE ESTABLISHED LAW OF THE UNITED STATES THAT A CONVICTION OBTAINED THROUGH TESTIMONY THE PROSECUTOR KNOWS TO BE FALSE IS REPUGNANT TO THE CONSTITUTION; SEE MOONEY V HOLOHAH 55 S.CT. 340 (1935). THIS IS SO BECAUSE, IN ORDER TO REDUCE THE DANGER OF FALSE CONVICTIONS, COURTS RELY ON THE PROSECUTOR NOT TO BE SIMPLY A PARTY IN LITIGATION WHOSE SOLE OBJECT IS THE CONVICTION OF THE DEFENDANT BEFORE HIM. THE PROSECUTOR IS AN OFFICER OF THE COURT WHOSE DUTY IS TO PRESENT A FORCEFUL AND TRUTHFUL CASE TO THE JURY, NOT TO WIN AT ANY COST, SEE EG, JENKINS V ARTUZ 294 F.3D 284, 296 N.2 (2D CIR. 2002). HAVING JAMES DISARNO GIVE FALSE TESIMONY ALONG WITH USING SOMEBODY ELSES DRUG EXHIBIT IS WINNING AT ANY COST AND IS REPUGNANT TO THE CONSTITUTION.

### (iv) THE PERJURED TESTIMONY REMAINED UNDISCLOSED DURING TRIAL.

ALTHOUGH THE GOVERNMENT WAS FULLY AWARE OF JAMES DISARNO PERJURED TESTIMONY IT REMAINED UNCORRECTED AND UNDISCLOSE DURING TRIAL, WHICH THE TRIAL RECORD WILL REFLECT THIS. THE SECOND CIRCUIT HAVE ALWAYS ASSUMED, THOUGH NEVER EXPRESSLY HELD, THAT PERJURED TESTIMONY MUST HAVE REMAINED UNDISCLOSED DURING TRIAL IN ORDER TO REQUIRE REVERSAL OF A CONVICTION. CF. US V AGURS, 427 U.S. 97, 103, 49 L.ED. 2D 342, 96 S.CT. 2392 (1976) (FINDING VIOLATION OF DUE PROCESS WHEN UNDISCLOSED EVIDENCE DEMONSTRATES THAT THE PROSECUTION'S CASE INCLUDES PERJURED TESTIMONY) US V GAGGI, 811 F.2D 47, 59 (2D. CIR).

A NEW TRIAL IS REQUIRED IF THE GOVERNMENT USES PERJURED TESTIMONY THAT IS UNCORRECTED AND REASONABLY LIKELY TO HAVE AFFECTED THE OUTCOME CERT DENIED. 482 U.S. 929, 96 L.ED. 2D 701, 107 S.CT. 3214 (1987). FURTHERMORE, WHETHER THE INTRODUCTION OF PERJURED TESTIMONY REQUIRES A NEW TRIAL DEPENDS ON THE MATERIALITY OF THE PERJURY TO THE JURY'S VERDICT AND THE EXTENT TO WHICH THE PROSECUTION WAS AWARE OF THE PERJURY; SEE US V MONTELEONE 257 F.3D 210; (2D CIR. 2001).

### BRADY VIOLATION.

UNDER BRADY, SUPPRESSION BY THE PROSECUTION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON REQUEST VIOLATES DUE PROCESS WHERE THE EVIDENCE IS MATERIAL EITHER TO GUILT OR TO PUNISHMENT. ID. AT 87: SEE US V JACKSON 6 F.3D 911, 917 (2D. CIR. 1993). EVIDENCE IS MATERIAL ONLY IF THERE IS REASONABLE PROBABILITY THAT, HAD THE EVIDENCE BEEN DISCLOSED TO THE DEFENSE, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. KYLES V WHITLEY, 514 U.S. 419, 433-34, 131 L.ED. 2D 490, 115 S,CT. 1555 (1995).

THE GOVERNMENT WAS IN RECEIPT TO DEFENDANT'S MOTION DATED JULY 15, 2011 WHICH WAS A REQUEST FOR DISCOVERY. SOME OF THE REQUST WITHIN SAID MOTION WAS FOR THE QUALIFICATIONS OF EACH EXPERT, TO INCLUDE **(1) HIS CURRICULUM VITAE; (2) HIS PRESENT EMPLOYER; (3) ALL PUBLICATIONS AUTHORED IN THE PREVIOUS TEN YEARS; (4) A LIST OF ALL OTHER CASES IN WHICH, DOING THE PREVIOUS 4 YEARS, THE WITNESS TESTIFIED AS AN EXPERT AT TRIAL OR BY DEPOSITION; (5) A STATEMENT OF COMPENSATION TO BE PAID FOR THE STUDY AND TESTIMONY IN THE CASE.**

ON PAGE 2 OF THE GOVERNMENT'S RESPONSE DATED; AUGUST 5, 2011, IT STATES THAT THE GOVERNMENT INTENDS TO CALL SENIOR FORENSIC CHEMIST CINDY L. VITALE. MS. VITALE IS A SALARIED EMPLOYEE OF THE DEA AND IS NOT BEING SEPERATELY COMPENSATED FOR HER ANALYSIS IN THIS CASE. A COPY OF HER CURRICULUM VITAE IS ATTACHED, SEE ATTACHMENT B. THE GOVERNMENT NEVER MENTION IN THEIR RESPONSE THAT JAMES DISARNO OR THE TWO DETECTIVES FROM THE CLOSED NASSAU COUNTY CRIME LAB WILL BE GIVEN TESTIMONY TO THEIR ANALYSIS OF ALLEGED DRUG EXHIBITS. FURTHERMORE, THE GOVERNMENT DOES'NT MENTION THEM AT ALL, NOR PROVIDE SAID INFORMATION REQUESTED BY THE DEFENDANT. ITS OBVIOUS WHY THE GOVERNMENT WOULD VIOLATE THE RULE OF BRADY SO THAT JAMES DISARNO CAN ASSIST THEM BY GIVING FALSE TESTIMONY, INCLUDING USING A DRUG EXHIBIT THAT NEVER HAD ANYTHING TO DO WITH THE DEFENDANT.

THE GOVERNMENT WAS AWARE THAT THE TWO NASSAU COUNTY CRIME LAB DETECTIVES HAD NO HISTORY OR BACHELOR DEGREE IN FORENSIC SCIENCE WHICH IS WHY THEY VIOLATED THE RULE OF BRADY. FURTHERMORE, THIS EXPLAINS WHY THE GOVERNMENT NEVER QUESTION THEM AT TRIAL IN REGARDS TO THEIR EDUCATIONAL BACKGROUND, WHICH IS REQUIRED FOR THEM TO DO BEFORE THE COURT CAN EVEN CONSIDER THEM QUALIFIED TO GIVE TESTIMONY TO THE ANALYSIS OF DRUG EXHIBITS. THE GOVERNMENT WITHHELD EVIDENCE FAVORABLE TO THE DEFENSE (EXCULPATORY EVIDENCE) WHICH INFACT NOT ONLY WAS MATERIAL, BUT THE OUTCOME OF THE TRIAL WOULD'VE BEEN DIFFERENT HAD THE GOVERNMENT DISCLOSED SAID INFORMATION AS REQUESTED BY THE DEFENDANT. SUCH SUPPRESSION BY THE PROSECUTION VIOLATES DUE PROCESS IRRESPECTIVE OF THE GOOD FAITH OR BAD FAITH OF THE PROSECUTION, SEE BRADY V MARYLAND 83 S.CT. 1194 (1963) ID AT 87.

### NEW DISCOVERED EVIDENCE ON THE FINDINGS OF THE NASSAU LAB.

ON FEBRUARY 25, 2011, GOVERNOR ANDREW M. CUOMO ISSUED EXECUTIVE ORDER NO. 9, WHICH DIRECTED THE INSPECTOR GENERAL TO INVESTIGATE THE OVERSIGHT AND OPERATION OF THE FORENSIC EVIDENCE BUREAU. PURSUANT TO THAT EXECUTIVE ORDER, THE INSPECTOR GENERAL MRS. ELLEN BIBEN CONDUCTED AN INVESTIGATION, WHICH INCLUDED A COMPREHENSIVE EXAMINATION OF THE FEB'S HISTORY AND OPERATION, AS WELL AS THE REGULATORY REQUIREMENTS AND SYSTEMS TO WHICH IT WAS SUBJECT. THE NOVEMBER 2011 REPORT BY STATE INSPECTOR GENERAL ELLEN BIBEN ON THE NASSAU COUNTY CRIME LAB FOUND THAT THE FAILURE AT THE LABORATORY LEVEL WAS PROFOUND.

ON PAGE 3 OF THE INSPECTOR GENERAL REPORT IT STATES: OVER ITS EIGHT YEAR HISTORY, THE FEB SUFFERED FROM WEAK LEADERSHIP, A DYSFUNCTIONAL QUAILITY MANAGEMENT SYSTEM, ANALYSTS WITH INCONSISTENT TRAINING AND QUALIFICATIONS, AND OUTDATED AND INCOMPLETE TESTING PROCEDURES. DUE TO THESE FINDINGS OF THE INSPECTOR GENERAL ITS CLEAR THAT THESE LAB DETECTIVES WOULD'NT EVEN QUALIFIED PURSUANT TO FEDERAL RULES OF EVIDENCE 702 TO GIVE SUCH TESTIMONY AS THEY DID DURING TRIAL. FURTHERMORE, IT EXPLAINS WHY THE GOVERNMENT WITHHELD FROM QUESTIONING THEM AT TRIAL IN REGARDS TO THEIR EDUCATIONAL BACKGROUND AS TO FORENSIC SCIENCE. THIS NEW DISCOVER EVIDENCE WRITTEN BY THE INSPECTOR GENERAL WAS BROUGHT TO THE PUBLICS ATTENTION IN NOVEMBER 2011. PRIOR TO THIS REPORT THE DEFENDANT COULD NOT HAVE DISCOVERED THIS EVIDENCE BEFORE OR DURING TRIAL.

THE EVIDENCE IS INFACT MATERIAL BECAUSE THESE TWO LAB DETECTIVES GAVE TESTIMONY ABOUT THEIR ALLEGED DRUG ANALYSIS WITHOUT HAVING EDUCATIONAL BACKGROUND IN FORENSIC SCIENCE. THE GOVERNMENT IS PERMITTED BY LAW TO ESTABLISH AN ADEQUATE CHAIN OF CUSTODY AND WITHOUT SUCH TESTIMONY GIVING SURELY THE OUTCOME WOULD'VE BEEN FAVORABLE TO THE DEFENDANT. THE PROSECUTOR IS AN OFFICER OF THE COURT WHOSE DUTY IS TO PRESENT A FORCEFUL AND TRUTHFUL CASE TO THE JURY, NOT TO WIN AT ANY COST. DEPRIVING THE DEFENDANT A FAIR TRIAL KNOWING THAT THESE LAB DETECEIVES DID'NT HAVE EDUCATIONAL BACKGROUND IN FORENSIC SCIENCE IS **"WINNING AT ANY COST"**.

## PROSECUTORIAL MISCONDUCT.

WE HAVE PREVIOUSLY STATED THAT REVERSING A CRIMINAL CONVICTION FOR PROSECUTORIAL MISCONDUCT IS A DRASTIC REMEDY THAT COURTS GENERALLY ARE RELUCTANT TO IMPLEMENT. SEE, EG, US V BIASUCCI 786 F.2D 504, 514 (2D. CIR) CERT. DENIED, 479 U.S. 827, 107 S.CT. 104, 93 L.ED. 2D 54 (1986); US V MODICA 633 F.2D 1173, 1183-84 (2D CIR. 1981) CERT. DENIED, 456 U.S. 989, 73 L. ED. 2D 1284, 102 S. CT. 2269 (1982), EVEN WHERE MISCONDUCT IS ESTABLISHED THIS COURT WILL NOT REVERSE A CONVICTION UNLESS THE MISCONDUCT CAUSED THE DEFENDANT SUBSTANTIAL PREJUDICE. US V ROSA 17 F.3D 1531, 1549 (2D CIR. 1994). PROSECUTORIAL MISCONDUCT DENIES A DEFENDANT DUE PROCESS ONLY WHEN IT IS OF SUFFICIENT SIGNIFICANCE TO RESULT IN THE DENIAL OF THE DEFENDANT'S RIGHT TO A FAIR TRIAL. BLISSETT V LEFEVRE, 924 F.2D 434, 440 (2D CIR. 1991) ALSO, GREER V MILLER, 483 U.S. 756, 765, 107 S.CT. 3102, 97 L.ED.2D 618 (1987).

HOWEVER, WHEN A PROSECUTOR'S TACTICS CAUSE SUBSTANTIAL PREJUDICE TO THE DEFENDANT AND THEREBY SERVE TO DEPRIVE HIM OF HIS RIGHT TO A FAIR TRIAL, REVERSAL IS MANDATED. SEE BIASUCCI, 786 F.2D AT 514 , US V CLARK, 613 F.2D 391, 405 (2D NCIR. 1979), CERT. DENIED, 449 U.S. 820, 101 S.CT. 78, 66 L.ED. 2D 22 (1980) U.S. V BURSE, 531 F.2D 1151, 1153-54 (2D. CIR. 1976); U.S. V DRUMMOND, 481 F.2D 62, 64 (2D CIR. 1973). WE LOOK AT THREE FACTORS TO DETERMINE WHETHER PROSECUTORIAL MISCONDUCT CAUSE THE ACCUSED SUBSTANTIAL PREJUDICE: THE SERVERITY OF THE MISCONDUCT: THE MEASURES ADOPTED TO CURE THE EFFECTS OF THE MISCONDUCT AND THE CERTAINTY OF CONVICTION IN ITS ABSENCE. MODICA, 683 F.2D AT 1181.

AFTER READING SAID MOTION IT SHOULD BE OBVIOUS BEFORE THE COURT THAT THE GOVERNMENT'S MISCONDUCT OF PERJURY, FALSE EVIDENCE, ILLICIT TESTIMONY BY THE NASSAU LAB DETECTIVES, INCLUDING BRADY VIOLATION MEETS ALL THREE FACTORS.

### CONCLUSION:

FOR ALL THE REASONS SET FORTH ABOVE, THE DEFENDANT'S MOTION SHOULD BE GRANTED IN ITS ENTIRETY.

RESPECTFULLY SUBMITTED,

TIMOTHY FAISON, PRO SE

# 76325-053

CC: CLERK OF THE COURT(DRH)

RAYMOND A. TIERNEY(A.U.S.A.)

7.

# Memorandum

Ex. A



| Subject | Date |
|---|---|
| Notification of Disclosure Materials<br>DFN: 370-08 | August 2, 2011 |

To
Scott J. Knox
Special Agent
Long Island District Office, Group D-12

From
Thomas M. Blackwell
Laboratory Director
Northeast Laboratory

Reference: Case number:
    Laboratory numbers: 2194662, 2195797, 2208149, 2212405, 2212406, 2212407, 2212408, 2214382, 2214383, 2214384, 2215895
    Exhibit numbers: 1, 2, 3, 5, 6, 7, 8, 9, 10.01, 10.02, 10.03, 11, 12
    Analysts: Senior Forensic Chemist Cindy Vitale

This notification is being provided to advise the prosecuting attorney of the documents associated with the DEA laboratory report. It must be forwarded to the prosecuting attorney along with the laboratory results. If the prosecuting attorney requires additional information beyond the DEA Laboratory Report, the following four items are available upon request:

1. The analysts worksheet, which lists the procedures used to reach the conclusions contained in the DEA Laboratory Report

2. All instrumental data from instrumentation used in the analysis

3. The analyst's summary of testimony

4. The analyst's curriculum vitae

Since these materials could be voluminous, please allow a reasonable period of time for the laboratory to copy and deliver the information to the prosecuting attorney.

Any request for additional information not described in this notification should be faxed to the laboratory at 212-620-3585 clearly describing the additional information requested. Upon receipt, the laboratory will consult with the Office of Chief Counsel and the Office of Forensic Sciences to determine the agency's position on the release of the additional information.

EX. C

## Baptiste, Jeannea (USANYE)

| | |
|---|---|
| From: | Knox, Scott X (DEA-US) |
| Sent: | Thursday, August 04, 2011 11:10 AM |
| To: | Gatz, Lara (USANYE); Canty, Michael (USANYE) |
| Subject: | FW: C5-08-0055 ex.1-3 & 5-12 |
| Attachments: | ▮▮▮▮▮ |

Not sure if you requested these — see below and attached. Apparently the DEA Lab received a "Notification of Disclosure" letter (?)

Special Agent Scott J. Knox
Drug Enforcement Administration
Long Island District Office, Group D-12
E-m ▮▮▮
Cell ▮▮▮
Des ▮▮▮
Fax: ▮▮▮

---

**From:** Serrano, Amia R.
**Sent:** Thursday, August 04, 2011 10:23 AM
**To:** Knox, Scott X
**Cc:** Vitale, Cindy L.
**Subject:** ▮▮▮ ex.1-3 & 5-12

Good morning Scott,

As requested in the Notification of Disclosure letter, lab reports for the subject case are enclosed.

*Amia R. Serrano*
Program Assistant
DEA Northeast Laboratory

99 Tenth Ave. Suite 721

New York, NY. 10011

## AFFIDAVIT OF SERVICE:

TIMOTHY FAISON, BEING DULY SWORN DEPOSES AND SAYS: I HAVE PLACED AND SUBMITTED THE WITHIN MOTION PURSUANT TO FED. R. CRIM. PROC. 33 INLUDING COPIES OF THE SAID EXHIBITS TO THE FOLLOWING PARTIES IN THIS ACTION TO BE MAILED VIA, THE UNITED STATES POSTAL SERVICE, BY PLACING THE SAME IN THE MAIL BOX LOCATED AT 182-22 150TH AVE, JAMAICA NY 11413.

PARTIES TO WHO THE ABOVE HAVE BEEN SENT ARE AS FOLLOWERS:

TO: CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
100 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK 11722
ATT: JUDGE HURLEY

TO: TALI FARHADIAN, ESQ
RAYMOND A. TIERNEY, ESQ
U.S.A.O.
610 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

DATED: MAY 21, 2012

RESPECTFULLY SUBMITTED,
TIMOTHY FAISON, PRO SE
# 76325-053