UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

TIMOTHY FAISON,

    Defendant.
-----------------------------------------------------X

TIMOTHY FAISON

    Petitioner,

    -against-

UNITED STATES OF AMERICA,

    Respondent.
-----------------------------------------------------X

**ORDER**
10-CR-674 (DRH)

15-CV-4650

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT -5 2015 ★
LONG ISLAND OFFICE

**HURLEY, Senior District Judge**:

Presently before the Court are two motion by defendant Timothy Faison ("Faison"). In the first motion, Faison requests that "the judgment and commitment order made against defendant on December 4, 2012 be amended due to numerous errors made by the clerk" and that certain clerical errors on the docket sheet be corrected as well. (10-CR-674 DE 149.) Faison's second motion is made pursuant to 28 U.S.C. §2255. (10-CR-674, DE 150; 15-CV-4650, DE 1.) For the reasons set forth below, the first motion is granted in substantial part and the second motion is denied.

The operative charging instrument in this case is the second superseding indictment which charged Faison as follows:

COUNT ONE: Possession of cocaine base with intent to distribute on or about June 18,

2010 in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii).

COUNT TWO: Distribution of cocaine base on or about June 15, 2010 in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii).

COUNT THREE: Distribution of cocaine base on or about March 2, 2010 in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

COUNT FOUR: Distribution of cocaine base on or about March 2, 2010 in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

(*See* 10-CR-674 DE 54.)

Faison was convicted by a jury on all four counts. On December 4, 2012, this Court sentenced Faison to a total term of three hundred (300) months on counts SS1 through SS4, to run concurrently. (*See* 10-CR-674 DE 123.) On February 10, 2014 the Second Circuit affirmed.

Faison now points out that the judgment and commitment order (DE 124) contains a scrivener's error, i.e. it erroneously states that he was adjudicated guilty of 21 U.S.C. § 841 (b)(1)(B)(iii) on Counts Three and Four, when in fact it should read 21 U.S.C. §841 (b)(1)(C). Faison is correct.

Federal Rule of Criminal Procedure 36 allows for the correction of clerical errors such as the one in this case. Fed. R. Crim. P. 36; *see United States v. Weber*, 51 F.3d 342, 357 (2d Cir. 1995). Accordingly, the Court shall enter a Corrected Judgment and Commitment Order.

With respect to the clerical errors in the docket sheet, the Court has reviewed the docket sheet and instructed the Clerk's Office to make appropriate clerical corrections. A copy of the public docket sheet as corrected, together with the Corrected Judgment and Commitment Order shall be provided to Faison.

2

The Court now turns to Faison's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Only one ground is asserted in support the motion. "The written judgment & conviction reflected a 300 month sentence for charges the petitioner was never indicted on therefore violating petitioner's 5th Amendment rights." (15-CV-4650 DE 1 at p. 4.) It is clear from the accompanying memorandum submit by Faison that the basis for his §2255 petition is the aforementioned scrivener's error. As that error is being corrected and no Constitutional right having been implicated, the motion pursuant to 28 U.S.C. §2255 is denied.[1]

**SO ORDERED.**

Dated: Central Islip, New York
October 5, 2015

/s/ Denis R. Hurley
Denis R. Hurley
United States District Judge

---

[1] The Court also notes that the petition is untimely.